David Henry CALDWELL,
Petitioner-Appellant,

v.

Hoyt C. CUPP, Superintendent, Oregon
State Penitentiary,
Respondent-Appellee.

No. 85–3748.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 1985.

Decided Jan. 24, 1986.

Marianne D. Bachers, Asst. Fed. Public Defender, Eugene, Or., for petitioner-appellant.

James E. Mountain, Jeff Bennett, Dept. of Justice, Salem, Or., for respondent-appellee.

Before TANG and FARRIS, Circuit Judges, and KELLEHER,* District Judge.

## OPINION

TANG, Circuit Judge.

This appeal is from the denial of a habeas corpus petition in which Caldwell claims he was unlawfully arrested and searched in violation of the fourth amendment. The sole issue for our consideration is whether the failure of the district court to articulate the facts and reasoning for its decision denied Caldwell a full and fair hearing.

FACTS

Before his state court trial, appellant moved to suppress the introduction into evidence of a knife on the ground that it was the fruit of an unconstitutional search and arrest. The trial court held an evidentiary hearing on the motion. Caldwell's counsel cross examined the arresting officer, offered evidence, and argued the constitutional issues. The factual dispute revolved around the issue whether the arrest-

---

* Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of    California, sitting by designation.

ing officer actually observed the protruding knife, and reasonably suspected that Caldwell was carrying an illegally concealed weapon.

The Oregon Court of Appeals affirmed Caldwell's conviction without opinion. *State v. Caldwell,* 66 Or.App. 753, 675 P.2d 518 (1984). The Oregon Supreme Court denied Caldwell's petition for review.

Caldwell filed a petition for a writ of habeas corpus in United States District Court pursuant to 28 U.S.C. § 2254. He alleged that his conviction was obtained as the result of an illegal search and seizure contrary to the fourth amendment. Caldwell argued that the state trial court's findings were inadequate to support its legal conclusions and thus he was denied a full and fair hearing on his fourth amendment claims. The district court dismissed the petition for habeas relief as meritless. Caldwell timely appeals.

## DISCUSSION

In *Stone v. Powell,* 428 U.S. 465, 494, 96 S.Ct. 3037, 3052, 49 L.Ed.2d 1067 (1976), the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a fourth amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Caldwell does not contest that he was given, and took advantage of, every opportunity to present evidence, to cross examine witnesses, and argue the law at his evidentiary hearing of February 22, 1983. Rather, Caldwell argues that the state trial court judge did not articulate which facts, if any, supported the judge's legal conclusions. Thus, Caldwell contends he was denied a fair hearing concerning the alleged illegal arrest and seizure.

Caldwell argues too much. All *Stone v. Powell* requires is the initial opportunity for a fair hearing. *Id.* at 494, 96 S.Ct. at 3052. Such an opportunity for a fair hearing forecloses this court's inquiry, upon habeas corpus petition, into the trial court's subsequent course of action, *Mack v.*

*Cupp,* 564 F.2d 898, 902 (9th Cir.1977); *Cody v. Solem,* 755 F.2d 1323 (8th Cir. 1985); *Griffin v. Rose,* 546 F.Supp. 932, 935 (E.D.Tenn.1981), *aff'd,* 703 F.2d 561 (6th Cir.1982), including whether or not the trial court has made express findings of fact. *See Wainwright v. Witt,* —— U.S. ——, 105 S.Ct. 844, 855, 83 L.Ed.2d 841 (1985).

In any event, the trial transcript provided a complete record of the findings and rulings expressly made by the trial court. *See id.* It contains a dialogue between defense counsel and the trial judge in which the factual basis for finding probable cause is unmistakably identified. Consequently, Caldwell's complaint of an absence of findings and rulings by the trial court is meritless. Further, it would be reversible error to fail to accord a presumption of correctness to the trial court's fact finding underlying its determination of probable cause. *Sumner v. Mata,* 449 U.S. 539, 550–51, 101 S.Ct. 764, 770–71, 66 L.Ed.2d 722 (1981).

For the above stated reasons, the district court's order dismissing Caldwell's application for a writ of habeas corpus is

AFFIRMED.