**Ralph GAMBOA, III, Petitioner–Appellant,**

v.

**Terry L. STEWART, et al., Respondents–Appellees.**

No. 01–16939.

D.C. No. CV–99–02141–RGS.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Oct. 10, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

### MEMORANDUM**

Ralph Gamboa, III, appeals pro se the district court's order denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Gamboa's habeas petition challenges his Arizona guilty plea conviction and 15½ year sentence for burglary, theft, and forgery in four consolidated cases. We review do novo the district court's dismissal of a petition for writ of habeas corpus, *see Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

Gamboa alleges that a warrantless search of his vehicle occurred following his arrest, in violation of his Fourth Amendment rights. Gamboa raised this claim in his post-conviction proceedings in state court and was given a full and fair opportunity to litigate the issue, including an evidentiary hearing. Such an opportunity for a fair hearing forecloses this court's inquiry on habeas corpus review. *See Caldwell v. Cupp*, 781 F.2d 714, 715 (9th Cir. 1986); *Stone v. Powell*, 428 U.S. 465, 494, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).

Gamboa also argues that his counsel provided ineffective assistance, which rendered his guilty plea involuntary, by failing to (1) inform Gamboa of the whereabouts of the arrest report regarding the allegedly warrantless search of his vehicle and (2) contest the search. We disagree.[3]

To prevail on a claim of ineffective assistance of counsel, Gamboa must show that

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

3. Gamboa also presents arguments in his appellate brief regarding the factual basis for his guilty plea and the amount of restitution imposed at sentencing. To the extent that Gam-

counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The state court found Gamboa's testimony regarding the arrest report and events surrounding his guilty plea to be less credible than the testimony of his lawyer. Because those findings were not "unreasonable determination(s) of the facts in light of the evidence presented," *see* 28 U.S.C. § 2254(d), the district court properly concluded that Gamboa's counsel was not ineffective, and Gamboa has failed to demonstrate that his plea was involuntary. *See Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Strickland,* 466 U.S. at 687.

Moreover, Gamboa failed to establish that a motion to suppress the search of his vehicle would have been successful. Accordingly, even had counsel's performance been deficient, Gamboa would not be entitled to habeas relief because he cannot demonstrate prejudice due to counsel's failure to make the motion. *See Kimmelman v. Morrison,* 477 U.S. 365, 375, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986).

**AFFIRMED.**

boa asks this court to review the merits of these two claims, we decline to do so. Neither the certificate of appealability ("COA") granted by the district court, nor the COA granted by this court, gave Gamboa permission to appeal on either basis. *See Hiivala v. Wood,* 195 F.3d 1098, 1103 (9th Cir.1999).

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Conrotto's motion for oral argument is denied.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.