UNITED STATES of America ex rel. Wesley ROBINSON, Petitioner,

v.

Michael O'LEARY, et al., Respondents.

No. 86 C 3778.

United States District Court, N.D. Illinois, E.D.

March 27, 1987.

Michael G. Berland, Chicago, Ill., for petitioner.

Sally I. Dilgart, Asst. Atty. Gen., Chicago, Ill., for respondents.

## MEMORANDUM

LEIGHTON, Senior District Judge.

In the Circuit Court of Cook County, petitioner was convicted of murder and armed robbery. His conviction was affirmed by the Illinois Appellate Court, First District. *People v. Thomas,* 139 Ill.App.3d 163, 93 Ill.Dec. 527, 486 N.E.2d 1362 (1st Dist.1985). Leave to appeal to the Illinois Supreme Court was denied. *People v. Thomas,* —— Ill.2d ——, 95 Ill.Dec. 848, 490 N.E.2d 701 (1986). Petitioner then brought this suit seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.

He alleges that in the state court proceedings, he was denied his rights under the Fifth and Sixth Amendments to the United States Constitution. The basis for his claim is that after he invoked his right to counsel and right to silence, certain police officers coerced him into making statements, outside the presence of counsel, that were used against him at trial. The cause is before the court on respondents' motion for summary judgment. The motion can be granted only if no genuine issues of material fact exist and respondents are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

When a criminal defendant invokes his right to counsel and right to silence, he cannot be subjected to further interrogation unless he himself initiates the interrogation. *Edwards v. Arizona,* 451 U.S. 477, 484, 101 S.Ct. 1880, 1884, 68 L.Ed.2d 378 (1981). If he does initiate further interrogation, subsequent statements made by him are admissible only if he knowingly and intelligently waives his right to counsel and right to silence. *Edwards,* 451 U.S. at 486 n. 9, 101 S.Ct. at 1884 n. 9; *see also Neuschafer v. McKay,* 807 F.2d 839, 840 (9th Cir.1987). Respondents take the position that no genuine issue of material fact exists and they are entitled to judgment as a matter of law, because the record establishes, first, that petitioner initiated the interrogation which led to the statements in question and second, that the statements were made after he knowingly and intelligently waived his right to counsel and right to silence. *See Edwards,* 451 U.S. at 484–86, 101 S.Ct. at 1884–86.

Because the statements were given after he had invoked his right to counsel and right to silence, petitioner moved in the state court to suppress them. After hearing extensive testimony from the parties, the trial court denied the motion; the court did not, however, make a finding that peti-

tioner initiated the interrogation. The Illinois appellate court concluded that the trial court's ruling was not in error. *Thomas*, 139 Ill.App.3d at 179, 93 Ill.Dec. at 539, 486 N.E.2d at 1374. After a review of the record, the appellate court found that while the petitioner's version of the facts conflicted with that of the police officers, the officers' testimony clearly supported the conclusion that petitioner initiated the interrogation which led to the statements. *Id.* at 176–78, 93 Ill.Dec. at 537–38, 486 N.E.2d at 1372–73. The appellate court further found that there was nothing in the circumstances surrounding these discussions to indicate that the police attempted to trick petitioner into initiating the interrogation. *Id.*

■ The state trial court and appellate court therefore both found that petitioner initiated the interrogation. In a habeas corpus proceeding, findings of fact made by the state court after a full and fair hearing, must be presumed correct unless they are not fairly supported by the state court record. 28 U.S.C. § 2254(d)(8); *see also Burns v. Clusen*, 798 F.2d 931, 940 (7th Cir.1986). The presumption applies equally to findings of the trial and the appellate court. *Burns*, 798 F.2d at 940 (citing *Summer v. Mata*, 449 U.S. 539, 545–47, 101 S.Ct. 764, 768–69, 66 L.Ed.2d 722 (1981)). This court must therefore determine whether the state courts' findings that petitioner initiated the interrogation is "fairly supported by the record." 28 U.S.C. § 2254(d)(8).[1]

■ From a review of the record, this court concludes that the findings of the state courts on this issue are supported by the record. The testimony of the police officers, which the state courts were entitled to believe over that of the petitioner, clearly support the conclusion that petitioner initiated the discussion in question. *See*

*Maggio v. Fulford*, 462 U.S. 111, 113, 103 S.Ct. 2261, 2262, 76 L.Ed.2d 794 (1983) (reviewing court in habeas action must not substitute its own judgment, as to the credibility of witnesses, for that of the state court). Further, because the appellate court made a finding that the circumstances prior to the discussions were not a "mere ploy" to further interrogate petitioner, this court, presuming that finding to be correct, cannot conclude that the police, by their actions, initiated the interrogation. *See Rhode Island v. Innis*, 446 U.S. 291, 301, 100 S.Ct. 1682, 1689, 64 L.Ed.2d 297 (1980).

Accordingly, petitioner's claim that the use of the statements in question was unconstitutional because the police initiated an interrogation after he invoked his right to counsel and right to silence, must fail. An issue, however, remains as to whether petitioner, after he initiated the interrogation, voluntarily, knowingly and intelligently waived those rights. *See Edwards*, 451 U.S. at 486 n. 9, 101 S.Ct. at 1884 n. 9; *McKay*, 807 F.2d at 840.

■ Unlike the question of who initiated the interrogation, which is an issue of fact, the question of whether petitioner voluntarily, knowingly and intelligently waived his right to counsel and right to silence, is a mixed question of law and fact, subject to plenary review by this court. *Ahmad v. Redman*, 782 F.2d 409, 413 (3d Cir.1986); *see also, Miller v. Fenton*, 474 U.S. 104, 106 S.Ct. 445, 450, 88 L.Ed.2d 405 (1985). The statutory presumption of correctness therefore does not attach to this issue; it does, however, attach to subsidiary findings of historical fact relevant to the resolution of the mixed question of law and fact. *Miller*, 106 S.Ct. at 453.

In this case, the state trial court found, despite petitioner's testimony to the contrary, that the statements made after he

---

**1.** While the trial court did not explicitly find that petitioner initiated the interrogation, because its disposition of the case indicates what its factual conclusions must have been, the presumption of correctness applies. *See Smith v.*

*Fairman*, 769 F.2d 386, 395 (7th Cir.1985). In any event, the appellate court did make explicit findings on the issue, and those findings are afforded the presumption of correctness. *Burns*, 798 F.2d at 940.

initiated the interrogation were not the result of either physical or psychological coercion. This was "tantamount to an express finding against the credibility of the [petitioner]." *Marshall v. Lonberger*, 459 U.S. 422, 433, 103 S.Ct. 843, 850, 74 L.Ed.2d 646 (1983); *see also Ahmad*, 782 F.2d at 413. Further, the appellate court found that there was evidence to support the conclusion that before giving the statements, petitioner was apprised of his rights and "stated that he understood them but wanted to cooperate." *Thomas*, 139 Ill.App.3d at 176–78, 93 Ill.Dec. at 537–38, 486 N.E.2d at 1372–73. These are historical facts which must be presumed correct if fairly supported by the record. *See Ahmad*, 782 F.2d at 413; *see also Miller*, 106 S.Ct. at 453. This court concludes that these findings are fairly supported by the state court record.

 Accepting therefore that the petitioner was given his rights, that he said that he understood those rights, and that the statements given were not the result of coercion, this court concludes that petitioner voluntarily, knowingly and intelligently waived his right to counsel and right to silence before giving the statements at issue. *See McKay*, 782 F.2d at 413. This conclusion is supported by the "totality of the circumstances." *Edwards*, 451 U.S. at 486 n. 9, 101 S.Ct. at 1884 n. 9. In addition to those facts found by the state court, petitioner's initiating the conversation in question weighs in favor of a finding of voluntariness, *Id.* at 486 n. 9, 100 S.Ct. at 1884 n. 9, further, once aware of his rights, the decision to waive them should normally be viewed as an "act of free will." *Oregon v. Elstad*, 470 U.S. 298, 105 S.Ct. 1285, 1294, 84 L.Ed.2d 222 (1985).

Therefore, because no genuine issue of material fact exists and the record establishes that petitioner initiated the interrogation and that he voluntarily waived his right to counsel and right to silence, respondents are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Accordingly, respondents' motion for summary judgment is granted and the petition for habeas corpus relief is denied.

So ordered.