Horace B. TURNER,
Petitioner-Appellant,

v.

Abe CHAVEZ, Respondent-Appellee.

No. 78–1181.

United States Court of Appeals,
Ninth Circuit.

Nov. 9, 1978.

William O. Fisher (argued), San Francisco, Cal., for petitioner-appellant.

William D. Stein, Atty. (argued), San Francisco, Cal., for respondent-appellee.

Before BROWNING and HUG, Circuit Judges, and HOFFMAN,* District Judge.

PER CURIAM:

Turner appeals from an order denying his petition for a writ of habeas corpus, in which he challenged the constitutionality of two convictions for forcible rape entered against him. The district court concluded that the petition failed to adequately present disputed questions of fact which would require either an evidentiary hearing or a review of the record for procedural fairness. It conclusively appears that the decision of the district court was based on the opinion of the Court of Appeals of the State of California, rather than on an independent review of the record. We must therefore remand for such a review.

In considering a petition for a writ of habeas corpus, the district court must make its determination as to the sufficiency of the state court findings from an independent review of the record, or otherwise grant a hearing and make its own findings on the merits. *Griff v. Rhay,* 455 F.2d 494, 495 (9th Cir. 1972); *United States ex rel. Jennings v. Ragen,* 358 U.S. 276, 277, 79 S.Ct. 321, 3 L.Ed.2d 296 (1959). A reading of the well-reasoned opinion of the state court would indicate that appellant's allegations may be without merit. However, this cannot be said with certainty without a review of the record. The very nature of the habeas corpus action demands an independent review.

Of particular concern to this court is appellant's allegation of prosecutorial misconduct. The opinion of the state appellate court noted that the prosecutor made improper comments in derogation of defense counsel and witnesses, and improperly cross-examined witnesses. The state court found that the dominant figure during trial was "an aggressive, overbearing and rude prosecutor whose knowledge of the rules of evidence was woefully lacking," and described the misconduct as "deplorable and unpardonable." The determination that such egregious conduct constituted harmless error necessarily requires a firsthand view of the record.

The Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, became effective February 1, 1977, approximately two months prior to the date the state filed its answer to Turner's petition. Rule 5 directs that the answering party attach relevant portions of the transcripts of the state proceedings to

* Honorable Walter E. Hoffman, Senior United States District Judge, Eastern District of Virginia, sitting by designation.

the answer. Rule 8 directs the judge to review the proceedings in order to determine whether an evidentiary hearing is required. It is plain that if a petition for writ of habeas corpus is one requiring an answer under Rule 4, then a review of the state court record will be necessary in order to properly dispose of the case.

■ The new rules give district courts flexibility to expand the materials before it where appropriate. In the instant case appellant alleged that he was denied a public trial. It is unlikely that a review of the record will be helpful in resolving this issue. Appellant and appellee should be allowed to submit additional materials pursuant to Rule 7 in order that they may have the opportunity to substantiate their contentions.

We find that the issues raised by appellant were properly before the district court and remand for proceedings in accordance with this per curiam.

VACATED AND REMANDED.