**Stanley Carl RHINEHART, Appellant,**

v.

**J. B. GUNN, Appellee.**

No. 77–3855.

United States Court of Appeals, Ninth Circuit.

June 13, 1979.

558

John M. Rodriguez, Los Angeles, Cal., for appellant.

Howard J. Schwab, Deputy Atty. Gen., Los Angeles, Cal., for appellee.

Before TRASK, GOODWIN and SNEED, Circuit Judges.

PER CURIAM:

Stanley Carl Rhinehart appeals a judgment dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We vacate the judgment and remand the cause to the district court.

Under *Meeks v. Craven*, 482 F.2d 465, 466–68 (9th Cir. 1973), a state prisoner can successfully attack a state conviction in a federal habeas corpus challenge on self-representation grounds only if the prisoner made an unequivocal demand in the state court to be allowed to represent himself. In the § 2254 proceeding, the district court may rely on the opinion of the state courts on the factual underpinning of federal constitutional issues only as provided in § 2254(d). *See Turner v. Chavez*, 586 F.2d 111 (9th Cir. 1978). Moreover, this court cannot affirm a district court's judgment dismissing the petition unless the record on appeal shows that the district court reviewed all relevant parts of the state court record. *Walker v. Loggins*, No. 77–3603, slip op. at 380 (9th Cir. Feb. 1, 1979).

In this case, the district court appears from its judgment to have relied on the opinion of the California Supreme Court to decide the *Meeks v. Craven* issue of the adequacy of Rhinehart's demand. The record before us contains no findings of fact by the federal court, nor a transcript of any habeas corpus hearing. Therefore, we cannot be satisfied that the district judge made an independent review of all relevant parts of the state court record.

The judgment is vacated, and the case is remanded for further proceedings consistent with *Turner v. Chavez, supra*, and *Walker v. Loggins, supra*.