Willie Lee **RICHMOND,**
Petitioner-Appellant,

v.

James **RICKETTS, et al.,**
Respondents-Appellees.

No. 84–2809.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 15, 1985.

Decided Oct. 21, 1985.

As Amended Dec. 2, 1985.

---

958

Lawrence H. Fleischman, Pima County
Public Defender, Tucson, Ariz., Timothy K.

Ford, Seattle, Wash., for petitioner-appellant.

Jack Roberts, Asst. Atty. Gen., Phoenix, Ariz., for respondents-appellees.

Before CHOY, and FARRIS, Circuit Judges, and HATFIELD,* District Judge.

FARRIS, Circuit Judge:

Willie Lee Richmond, an Arizona prisoner, appeals the district court's denial of his petition for a writ of habeas corpus. Richmond contends that the district court erred 1) in determining that the filing of this petition constituted an abuse of the writ, and 2) in denying his request for an evidentiary hearing without properly reviewing the state court findings of fact and conclusions of law.

Richmond was convicted in state court of first degree murder. He was sentenced to death under Ariz.Rev.Stat. § 13–454. The Arizona Supreme Court affirmed his conviction and sentence in *State v. Richmond*, 114 Ariz. 186, 560 P.2d 41 (1976), *cert. denied*, 433 U.S. 915, 97 S.Ct. 2988, 53 L.Ed.2d 1101 (1977).

Richmond then filed a petition in the district court under 28 U.S.C. § 2254. The district court granted the petition and enjoined the state from imposing the death penalty, holding that the failure of section 13–454 to permit consideration of all relevant mitigating circumstances violated the eighth and fourteenth amendments. *Richmond v. Cardwell*, 450 F.Supp. 519, 526 (D.Ariz.1978). This judgment was not appealed.

On March 13, 1980, Richmond was resentenced to death pursuant to a new statute that cured the deficiency at issue in his first habeas petition. *See* Ariz.Rev.Stat. § 13–703 (West 1978). His death sentence was affirmed in *State v. Richmond*, 136 Ariz. 312, 666 P.2d 57, *cert. denied*, —

U.S. ——, 104 S.Ct. 435, 78 L.Ed.2d 367 (1983).

Richmond then filed a petition for a writ of habeas corpus in the district court. On January 12, 1984, the district court denied the petition, denied a request for stay of execution, and denied a request for a certificate of probable cause to appeal.

On January 16, 1984, we granted Richmond's request for a stay of execution and issued a certificate of probable cause. We 1) affirmed the district court's order dismissing the petition, finding that it contained unexhausted claims, 2) vacated that portion of the district court's order that purported to decide the merits of the petition, and 3) remanded with instructions to fix a reasonable time within which Richmond could amend his petition to contain only exhausted claims. *Richmond v. Ricketts*, 730 F.2d 1318 (9th Cir.1984) (per curiam).

On May 21, 1984, Richmond filed an amended petition, alleging eighteen claims. The district court denied the petition and refused to issue a certificate of probable cause. Richmond filed a timely notice of appeal. We issued a certificate of probable cause on February 20, 1985.

We have jurisdiction pursuant to 28 U.S.C. § 2253. We review the denial of a writ of habeas corpus de novo. *Roth v. United States Parole Commission*, 724 F.2d 836, 839 (9th Cir.1984).

## A. Abuse of the Writ

The abuse of the writ doctrine is codified in 28 U.S.C. § 2244(b) and in Rule 9 of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254. In *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), the Supreme Court articulated the principles underlying the abuse of the writ doctrine. In discussing the problem of successive applications, the Court stated:

---

* The Honorable Paul G. Hatfield, United States District Judge for the District of Montana, sitting by designation.

Controlling weight may be given to denial of a prior application for federal habeas corpus or § 2255 relief only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application.

373 U.S. at 15, 83 S.Ct. at 1077 (footnote omitted). Here, the district court found that several claims in Richmond's second petition presented issues that had been determined against him on the merits in his first petition in *Richmond v. Cardwell,* 450 F.Supp. 519 (D.Ariz.1978). The district court also found that several new claims raised in Richmond's second petition were known to him at the time he filed the first petition and therefore should have been raised in that first petition. The district court concluded that Richmond's second petition constituted an abuse of the writ of habeas corpus. This was error.

### 1. *Presenting Similar Claims in the Second Petition*

■ A federal court need not entertain a second habeas petition if the court finds that the petition fails to allege new or different grounds for relief and the prior determination was on the merits. *See* Rule 9(b), Rules Governing Section 2254 Cases. However, the court may entertain the petition if the "ends of justice" would be served by permitting redetermination of those grounds. *Sanders,* 373 U.S. at 16–17, 83 S.Ct. at 1077–78.

Richmond contends that he should be allowed to reallege the claims rejected in his first petition simply because the second petition involves an entirely new sentence and judgment by the Arizona courts. While we find this argument to be overbroad, we hold that certain claims raised in Richmond's first petition may properly be raised in his second petition.

■ The relief obtained on the first petition went only to the sentence. The incentive remained, therefore, for Richmond to appeal the rejection of his challenges to the *underlying conviction,* since if he were to prevail on appeal on these claims, he could not be resentenced. The district court could properly decline to reconsider these underlying-conviction claims when raised in a second petition.

■ However, when the district court enjoined Richmond's death sentence, it relied solely on the Arizona statute's failure to consider mitigating factors of an individual's character. *Richmond v. Cardwell,* 450 F.Supp. at 526. Because Richmond had obtained the sentencing relief he sought, he had no incentive to appeal the adverse determination of his other grounds for challenging the death sentence, and perhaps would not have been permitted to do so on mootness or ripeness grounds. The ends of justice would not be served by denying Richmond appellate consideration of these other constitutional challenges to the death penalty merely because he obtained relief on a different ground.

Rule 9(b) is designed to limit the right to assert stale claims and to file multiple petitions. Advisory Committee Note, Rule 9(b), Rules Governing Section 2254 Cases. The death sentence claims reasserted in Richmond's second petition are not "stale," since he is challenging the resentencing on grounds that may be as applicable to the new sentencing statute as to the old. Nor does the record indicate that the second petition was submitted solely in the hope of getting two different judges to decide the same claim. *See Sanders,* 373 U.S. at 18, 83 S.Ct. at 1078–79. On the contrary, Richmond was compelled by the resentencing to re-file for post-conviction relief in the state courts and for habeas relief in federal court. It was not an abuse of the writ to seek appellate review for the first time of constitutional claims that Richmond had no incentive to appeal, and indeed may have been unable to raise, after their initial rejection by the district court.

### 2. *Raising New Claims in the Second Petition*

■ The district court erred in finding that the new and different grounds alleged

in Richmond's second petition were known to Richmond and should have been alleged in the first petition. Previously unadjudicated claims must be decided on the merits unless the petitioner has made a conscious decision deliberately to withhold them, is pursuing "needless piecemeal litigation," or has raised the claims only to "vex, harass, or delay." *See Sanders,* 373 U.S. at 18, 83 S.Ct. at 1078–79. None of these three situations applies to Richmond's petition. Nothing in the record shows that Richmond purposefully withheld his new arguments in the hope of being granted two hearings instead of one or for some other such reason. *See id.* at 18, 83 S.Ct. at 1078–79; *cf. Wong Doo v. United States,* 265 U.S. 239, 241, 44 S.Ct. 524, 525, 68 L.Ed. 999 (1924) (petitioner's attempt to reassert a claim on which no evidence had been offered in a prior proceeding constituted an abuse of the writ). Second, because the second petition was filed in response to the resentencing, Richmond can hardly be found guilty of engaging in "needless piecemeal litigation." *See Sanders,* 373 U.S. at 18, 83 S.Ct. at 1078–79. Finally, Richmond's petition is not one "whose only purpose is to vex, harass or delay." *Id.* Richmond has challenged the re-imposition of his sentence in a good faith attempt to avoid the penalty of death.

Richmond's petition does not constitute an abuse of the writ.

## B. *Evidentiary Hearing*

### 1. *Failure to Review the State Court Record*

■ In considering a petition for a writ of habeas corpus, the district court is required to "make its determination as to the sufficiency of the state court findings *from an independent review* of the record, or otherwise grant a hearing and make its own findings on the merits." *Turner v. Chavez,* 586 F.2d 111, 112 (9th Cir.1978) (per curiam) (emphasis added). "The very nature of the habeas corpus action demands an independent review." *Id.*

■ Here, the district court's order fails to reveal an independent review of the state court record. The only language in the district court's order that could be construed as suggesting the possibility of an independent review are the statements that "[t]his court also notes that the record contains all of the facts necessary for this court's determination," and that "[t]his court has reviewed the extensive papers filed with the petition and is convinced that there is no merit to any of the claims."

The record must show that the district court examined all relevant parts of the state court record. Since it does not, we cannot affirm the dismissal of the habeas petition. *See Rhinehart v. Gunn,* 598 F.2d 557, 558 (9th Cir.1979) (per curiam), *appeal after remand,* 661 F.2d 738 (9th Cir.1981).

### 2. *Failure to Hold an Evidentiary Hearing*

In *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), the Supreme Court addressed the issue of when a federal court must hold an evidentiary hearing on factual issues previously decided by state courts. The Court set out six separate circumstances where a reviewing federal court must grant an evidentiary hearing to a habeas applicant. *See id.* at 313, 83 S.Ct. at 757. The district court, however, never specified any of the factors stated in *Townsend* but merely found that there was no merit to Richmond's requests for an evidentiary hearing because the matters at issue "have been considered by the Arizona Supreme Court and that State Courts' findings of fact are entitled to a presumption of correctness."

■ The statutory "presumption of correctness," *see* 28 U.S.C. § 2254(d), says nothing, however, about when a district judge must hold an evidentiary hearing. Although the presumption implicates similar concerns about the sufficiency of the state court's evidence, section 2254(d) primarily addresses the scope of federal court

review of specific state court factual determinations. *See* 28 U.S.C. § 2254(d). The issue whether an evidentiary hearing must be held consists of whether the actual state court hearing provided petitioner a fair opportunity to fully develop factual issues. *See Townsend,* 372 U.S. at 318, 83 S.Ct. at 759–60. Nothing in section 2254(d) suggests that the statutory "presumption of correctness" should be the sole determinant of whether an evidentiary hearing is necessary to properly review the findings of the state court.

Instead, section 2254(d) presumes that state court findings are correct, "unless the applicant shall establish *or it shall otherwise appear*" that this presumption should be abandoned. 28 U.S.C. § 2254(d) (emphasis added). The district court must perform its own review of the state court findings of fact in order to determine if this presumption applies or if an evidentiary hearing is necessary. *See Sumner v. Mata,* 449 U.S. 539, 550, 101 S.Ct. 764, 770–71, 66 L.Ed.2d 722 (1981). The district court must make an independent determination of the sufficiency of the state court's findings. *See Rhinehart v. Gunn,* 598 F.2d at 558; *Turner v. Chavez,* 586 F.2d at 112. The review of the complete state court record "[o]rdinarily ... is indispensable to determining whether the habeas applicant received a full and fair state-court evidentiary hearing resulting in reliable findings." *Townsend,* 372 U.S. at 319, 83 S.Ct. at 760.

The district court failed to demonstrate that it had carefully scrutinized the state-court record and misapplied the "presumption of correctness" in denying an evidentiary hearing.

We reverse and remand to the district court with instructions 1) to specify its review of the complete state court record, 2) to specify which bases in the record support its conclusions, and 3) to determine whether to hold an evidentiary hearing.

REVERSED AND REMANDED.