Jimmy **NEUSCHAFER**,
Petitioner-Appellant,

v.

Brian McKAY,* Attorney General of
the State of Nevada,
Respondent-Appellee.

No. 86–1909.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 13, 1986.

Decided Jan. 6, 1987.

* Brian McKay has been substituted for Harol Whitley, Attorney General of the State of Nevada. Fed.R.App.P. 43(c)(1).

Chambers, Circuit Judge, dissented and filed opinion.

N. Patrick Flanagan, Asst. Federal Public Defender, Federal Public Defender's Office, Reno, Nev., for petitioner-appellant.

David Sarnowski, Deputy Atty. Gen., Brian R. Hutchins, Asst. Atty. Gen., Atty. General's Office Carson City, Carson City, Nev., for respondent-appellee.

Before CHAMBERS, KENNEDY, and HALL, Circuit Judges.

KENNEDY, Circuit Judge:

Appellant Neuschafer appeals from the district court's denial of his petition for habeas corpus, 630 F.Supp. 897. We remand for an evidentiary hearing on whether Neuschafer's confession was obtained consistently with the standards set forth in *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981).

Neuschafer was convicted under Nevada law and sentenced to death for the murder of a fellow inmate. An account of the crime is in the opinion of the Nevada Supreme Court affirming the judgment. *Neuschafer v. State*, 101 Nev. 331, 705 P.2d 609 (1985). Among other contentions in the habeas proceeding here and in the district court is Neuschafer's assertion that his constitutional rights were violated by use of a confession derived from an interrogation begun four days after he requested a lawyer and none was provided. Under *Edwards*, Neuschafer's confession was illegally obtained unless, first, he initiated the interview that led to the confession and, second, knowingly and intelligently waived his right to counsel. *Edwards*, 451 U.S. at 484–85, 486 n. 9, 101 S.Ct. at 1884–85, 1885 n. 9; *see Oregon v. Bradshaw*, 462 U.S. 1039, 1044–45, 103 S.Ct. 2830, 2834, 77 L.Ed.2d 405 (1983); *id.* at 1048, 103 S.Ct. at 2836 (Powell, J., concurring in the judgment) (noting that all other Justices agree that *Edwards* requires a two-step inquiry).

The state trial court denied the motion to suppress the confession. The Nevada Supreme Court held that the second part of the *Edwards* test had been satisfied by the execution of a knowing and intelligent waiver, but did not make the first required finding that Neuschafer initiated the interview. On that point, the court said:

The record is unclear whether Neuschafer initiated the communication which led to the ... interview. Evidence suggests

that Neuschafer requested to speak to authorities regarding the Johnson murder in a note he wrote and gave to prison employees....

705 P.2d at 612.

In the instant habeas corpus proceeding, the district court reviewed the state trial record and concluded that it "fairly supports a conclusion that Neuschafer expressed a desire to speak to the authorities." The district court found that no evidentiary hearing was required because the state trial record was adequate to support its decision denying Neuschafer's petition. On its face, that finding conflicts with the characterization given to the state record by the state's highest court, which called the record "unclear."

■ In federal habeas corpus proceedings, deference must be granted to the findings of state appellate courts as well as state trial courts. *Wainwright v. Goode*, 464 U.S. 78, 85, 104 S.Ct. 378, 382, 78 L.Ed.2d 187 (1983); *Sumner v. Mata*, 449 U.S. 539, 545–47, 101 S.Ct. 764, 768–69, 66 L.Ed.2d 722 (1981). In *Sumner v. Mata*, the Supreme Court stated that 28 U.S.C. § 2254(d) "makes no distinction between the factual determinations of a state trial court and those of a state appellate court." 449 U.S. at 546, 101 S. Ct. at 769. In *Wainwright v. Goode*, the Court held that the Eleventh Circuit should not have "substitut[ed] its view of the facts for that of the Florida Supreme Court" where both courts reviewed the same cold record and reached opposite conclusions as to the factors relied on by the sentencing judge. 464 U.S. at 85, 104 S.Ct. at 383. We are instructed to give the benefit of the doubt to a state appellate court's reading of a record on appeal just as we would to a state trial court's findings of fact.

■ In this case, the state trial court denied Neuschafer's motion to suppress the confession, implicitly finding that Neuschafer had initiated the conversation. *See Knaubert v. Goldsmith*, 791 F.2d 722, 727 (9th Cir.1986) (stating that when state court hears motion to suppress and rules on the motion, federal habeas court can assume it found facts necessary to support its ruling). Yet the state's highest tribunal reviewed the record and was unwilling or unable to hold squarely that Neuschafer initiated the conversation with the authorities. In consequence, the district court was presented with conflicting, or at least inconsistent, conclusions by two state courts on the critical point in the case. It could not render a decision on the record before it without second-guessing at least one state tribunal.

We decline to hold that in every case a state trial record will never support a factual determination if a state appellate decision is inconsistent with it; but in the circumstances of this case, we believe an evidentiary hearing in the district court is warranted to resolve the issue whether Neuschafer initiated the conversation that led to his confession. *See Townsend v. Sain*, 372 U.S. 293, 319, 83 S.Ct. 745, 760, 9 L.Ed.2d 770 (1963) (stating that state record must reveal "full and fair ... evidentiary hearing *resulting in reliable findings*") (emphasis added); *Richmond v. Ricketts*, 774 F.2d 957, 961 (9th Cir.1985) (noting that *Townsend* controls issue of when evidentiary hearing should be held). Neuschafer alleged serious error, of constitutional dimension. The state did not produce a note sent by Neuschafer in which, the state claims, Neuschafer requested the second interview with the officers, even though these events were after the decision in *Edwards* had put state officials on notice that the identity of the party initiating the interview was of paramount importance. A loss of the note would not be fatal to the state's position, but the testimony about its contents is critical.[1]

The district court should hold an evidentiary hearing to determine whether Neuschafer initiated the interview and whether

---

1. We are reluctant to conclude that any possible error was harmless because the state trial record has not been made part of the record on appeal, and we have not reviewed it in all of its detail.

the standards of *Edwards* were met. The hearing should be completed within sixty days, if consistent with the other calendar responsibilities of the district court. The transcript of proceedings and the trial court's findings and ruling shall be forwarded to this court and become part of the record on appeal. A party seeking to challenge the district court's findings may request this panel for an order permitting supplemental briefs. Subject to the limited remand here ordered, this panel retains jurisdiction of the case.

REMANDED.

CHAMBERS, Circuit Judge, dissenting.

If there be error in the record before us, I find it harmless. All I may say will not change the mind of any judge on the panel.

My Sister and Brother, I cannot believe that they think there is any doubt as to Neuschafer's guilt. I read the majority as simply saying our district judge can make a better record and should not indulge in a gamble by one of our en bancs or risk the Supreme Court handling the case now. We cannot escape either. My belief is that a remand will only delay the conclusion of the case. Also, I believe we ought to get the case to the Supreme Court right now.

Now for a little musing:

America seems to have lost its former demand that the death penalty be enforced and promptly in those cases where it is appropriate. So, as a voter at the polls, I would vote against the penalty, likewise if I were a legislator. Of course, it is reaching the point where the death penalty does become a life sentence and the death rate from old age will be the cause of death for most of those under death sentences.

But I do fear the public is getting aroused. We may see a lot of blood letting such as we have had in California recently and community indignation may slip over to witch hunts. Witchcraft usually has a longer life than community indignation.

From the Nevada Supreme Court's opinion, (1985) 101 Nev. 331, 705 P.2d 609, I conclude there are two notes written by Neuschafer which were entirely unsolicited, and they went into the record of the state trial court without objection. These are enough to convict him and justify the penalty without more. The interviews that involved the notes objected to on the basis of *Miranda* are just an instance of the prosecution's overtrying its case.

Also, there is other independent evidence admitted which fortifies the notes.

So, I dissent.