**Mark ROGERS, Petitioner,**

v.

**Harol WHITLEY, et al., Respondents.**

**No. CV–N–87–505–ECR.**

United States District Court, D. Nevada.

April 14, 1989.

N. Patrick Flanagan, Asst. Federal Public Defender, Reno, Nev., for petitioner.

David Sarnowski, Deputy Atty. Gen., Carson City, Nev., for respondents.

## ORDER

EDWARD C. REED, Jr., Chief Judge.

On October 26, 1987, petitioner Rogers filed a petition for habeas corpus with this Court pursuant to 28 U.S.C. § 2254. In that petition, Rogers asserted sixteen grounds for holding his Nevada conviction for first degree murder and his concommitment death sentence constitutionally infirm. On November 21, 1988, this Court found that one ground in Rogers' petition had not been exhausted in the Nevada state court system as required by 28 U.S.C. § 2254(b)-(c). Accordingly, we ordered Rogers either to seek a stay of his federal petition pending exhaustion of this one ground or to permanently abandon this one ground. *See Rogers v. Whitley,* 701 F.Supp. 757, 758–59 (D.Nev.1988) (referred to hereinafter as "document # 34"). Rogers subsequently filed an amended habeas corpus petition that did not contain his unexhausted claim, but he has refused to abandon this claim. He argues that according to the Ninth Circuit Court of Appeals' decision in *Neuschafer v. Whitley,* 860 F.2d 1470 (9th Cir.1988), he should be entitled to withdraw his unexhausted claim from his petition without having to abandon that claim.

Rogers' interpretation of the *Neuschafer* decision, however, is substantially flawed. The *Neuschafer* decision holds only that the abuse of the writ rules do not bar a federal habeas corpus petitioner from including, in a subsequent petition, claims for relief that were unexhausted at the time the petitioner filed his earlier federal petition. *Id.* at 1476–77. This holding arose from a specific factual context in which the petitioner, Neuschafer, had filed an initial petition for federal habeas corpus relief that had been denied. Neuschafer then filed a second federal habeas corpus petition that contained claims which had not been exhausted at the time Neuschafer had filed his first federal petition. The district court held that the second petition constituted an abuse of the writ because it contained claims that had been "deliberately withheld" from the first petition. *See*

*Neuschafer v. Whitley,* 674 F.Supp. 1418, 1422–25 (D.Nev.1987). The Court of Appeals reversed the district court's ruling. It held that Neuschafer's failure to include his formerly unexhausted claims in an earlier petition did not amount to a "deliberate withholding" of such claims. *Neuschafer,* 860 F.2d at 1475.

The *Neuschafer* decision was comprised of three separate opinions. The lead opinion recognized that serious problems would accompany the Court's holding. For example, the *Neuschafer* decision could force federal courts in the Ninth Judicial Circuit to review substantively an unlimited number of habeas petitions from every prisoner. Rather than requiring inmates to bring all their constitutional claims for relief in one federal proceeding, the lead opinion in *Neuschafer* apparently allows them to proceed with piecemeal litigation. Every time an inmate thinks of a new claim, he may present that claim in a new federal habeas petition after he has exhausted it in the state court system. *See id.* at 1477. In essence, this doctrine would negate the enforcement of death penalties that had been imposed by state court systems. As long as an inmate sentenced to death could develop a new constitutional claim, the federal courts would have to stay his execution so he could exhaust that claim in the state courts and then present it for federal review. Although such a result is directly contrary to the interests of comity and federalism, the lead opinion in *Neuschafer* did not propose any solution for reconciling its holding with these interests.

Judge Alarcon's concurring opinion in *Neuschafer,* however, did propose such a solution. It set forth a procedure that avoided the problem of piecemeal litigation and the problem of habeas petitioners having unexhausted claims. This procedure was predicated on avoiding reoccurrences of the factual pattern that occurred in *Neuschafer.*

Judge Alarcon felt that the best way to avoid the *Neuschafer* scenario was for federal district courts to thoroughly "flush out" all of a petitioner's claims at the time the petitioner files his initial federal peti-

tion. Accordingly, he recommended that once a district court receives an initial habeas corpus petition, it should order the petitioner "to inform the court whether there are any other exhausted or *unexhausted* claims." *Id.* at 1482 (Alarcon, J., concurring) (emphasis in original). If the court discovers that the petitioner does have unexhausted claims, it "should then give petitioner the choice of abandoning the unexhausted claims or exhausting them in state court *before* proceeding with … all [the] exhausted claims." *Id.* (emphasis added). Thus, unlike the factual scenario in *Neuschafer,* this procedure brings to light the presence of unexhausted claims before allowing substantive consideration of the initial federal petition. This procedure also avoids the *Neuschafer* dilemma of *subsequent* unexhausted claims by ordering the petitioner either to exhaust these claims or to abandon them *prior* to substantive consideration of his initial federal petition.

Judge Alarcon's proposed procedure is directly applicable to the case at bar. This Court is aware that Rogers has an unexhausted claim for habeas corpus relief. We became aware of this unexhausted claim before substantively considering the other claims in Rogers' initial federal petition. Accordingly, pursuant to Judge Alarcon's concurring opinion in *Neuschafer,* we ordered Rogers either to exhaust his unexhausted claim through state court proceedings or to abandon his unexhausted claim. Rogers' current attempt to amend his petition to delete the unexhausted claim, and yet not abandon that claim, is completely contrary to this Court's previous orders and to Judge Alarcon's proposed procedure. This attempted amendment without abandonment seeks to allow Rogers to proceed presently in federal court on his fifteen exhausted claims through his amended petition and also allow him to file a subsequent federal petition once he exhausts his currently unexhausted claim. Such piecemeal litigation is exactly the problem that this Court and Judge Alarcon are striving to avoid.

Hence, this Court shall not permit Rogers to amend his petition to delete his unex-

hausted claim unless he also permanently abandons that claim in accordance with this Court's previous orders. *See* documents # 34 and # 39. Neither this order nor our previous orders are inconsistent with the Ninth Circuit's decision in *Neuschafer.* The lead opinion in *Neuschafer* dealt only with the situation where a court has not become aware of the unexhausted claim until after the disposition of the initial petition. In contrast, in the present case, this Court became aware of Rogers' unexhausted claim while his initial petition was still pending. Hence, our order that Rogers must exhaust or abandon his unexhausted claim is not foreclosed by the lead opinion in *Neuschafer.* Indeed, our order is in direct accordance with Judge Alarcon's concurring opinion in *Neuschafer.*

IT IS, THEREFORE, HEREBY ORDERED that Rogers shall have fifteen (15) days from the date of this Order in which: (1) to move for a stay of his original petition (document # 1) pending exhaustion of his seventh claim therein; or (2) to permanently and formally abandon this seventh claim in accordance with this Court's Orders of November 21, 1988 (document # 34) and February 13, 1989 (document # 39).

In the alternative, within fifteen (15) days from the date of this Order, Rogers may choose to voluntarily dismiss his original and amended petitions while seeking to exhaust his unexhausted claim in the Nevada state court system. Of course, such a voluntary dismissal would not in any way prejudice Rogers from seeking federal habeas corpus relief through a subsequent petition. Nevertheless, if Rogers does voluntarily dismiss his original and amended petitions, this Court shall have to vacate its order staying his execution.

IT IS FURTHER ORDERED that if Rogers fails to comply with one of the above options within said time period, this Court shall strike his amended petition for failure to comply with this Court's Order of November 21, 1988, and shall dismiss his original petition for failure to exhaust. Under such circumstances, this Court shall also be forced to vacate Rogers' stay of execution.

IT IS FURTHER ORDERED that to the extent set forth above, respondents' Motion to Compel Compliance with Court Order (document # 40) is GRANTED.