953 F.2d 1387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jay NESBITT, Petitioner-Appellant,
v.
Wayne ESTELLE, Respondent-Appellee.
 No. 90-16733.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 17, 1992.*
Decided Jan. 27, 1992.
 
 Before CHAMBERS, TANG and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In 1982, Jay Nesbitt was convicted before a California court of second degree murder and sentenced to fifteen years to life. After exhausting his state remedies, he filed a Writ of Habeas Corpus in federal court, alleging ineffective assistance of counsel in violation of his sixth amendment rights. On September 24, 1990, the federal district court denied his application. Nesbitt now appeals to us.
 
 
 3
 We have jurisdiction under 28 U.S.C. § 2253. We affirm the district court's denial of Nesbitt's habeas corpus petition.
 
 DISCUSSION
 
 4
 Nesbitt raises several issues on appeal. First, he reiterates his contention that he suffered a violation of his sixth amendment right to adequate counsel. Nesbitt bases his argument on the fact that defense counsel failed to fully investigate Nesbitt's mental condition. We reject this argument.
 
 
 5
 A review of the briefs and the excerpts of record reveals that defense counsel was aware of the mental instability of Nesbitt, but chose not to pursue this avenue of possible defense. This was a strategic decision based upon counsel's evaluation of recent cases and the particularities of Nesbitt's case. Strategic decisions, even poor ones, almost never rise to the level of violations of the sixth amendment. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Strickland v. Washington, 466 U.S. 668, 691 (1984).
 
 
 6
 Next, Nesbitt alleges the district court erred in not granting him an extension of time in order to file a traverse to the government's response. This argument is also without merit.
 
 
 7
 The commentary to the rules governing habeas corpus appeals in the district courts is clear: "In actual practice, the traverse tends to be a mere pro forma refutation of the return [response], serving little if any expository function." Commentary to Rule 5, Rules Governing Section 2254 Cases in the United States District Courts (as amended, July, 1991). We do not find exceptional circumstances in this case which warrant a departure from the favored rule that no traverse is allowed.
 
 
 8
 Finally, Nesbitt argues that the district court committed reversible error because it did not review the complete trial court record. Nesbitt is correct that a district court must conduct an independent review of the trial record. Richmond v. Ricketts, 774 F.2d 957 (9th Cir.1985). However, both the transcript and the district court decision in this case reflect an adequate and independent review. There is no basis to Nesbitt's assertion that review of the "complete" record is required.
 
 CONCLUSION
 
 9
 We do not find Nesbitt's arguments persuasive. The district court's denial of Nesbitt's petition for habeas corpus is AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3