**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Francisco Luis ARROYAVE, Defendant-Appellant.**

**No. 72-1691.**

United States Court of Appeals,
Ninth Circuit.

Aug. 30, 1972.

Stanley Joseph Zaks (argued), San Francisco, Cal., for defendant-appellant.

Michael W. Field, Asst. U. S. Atty. (argued), F. Steele Langford, Asst. U. S. Atty., James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before LUMBARD,* MERRILL and KILKENNY, Circuit Judges.

PER CURIAM:

Appellant was convicted in a jury trial of violating 21 U.S.C. § 841(a) (1) [possession of marihuana] and 21 U.S.C. § 846 [conspiracy to distribute marihuana]. His sole defense at the time of the trial was mental incapacity to commit the alleged crimes. His principal contention on this appeal is that the trial court erroneously instructed the jury on the issue of insanity.

* The Honorable J. Edward Lumbard, Senior Circuit Judge for the Second Circuit Court of Appeals, sitting by designation.

In his instruction on the subject, the Judge told the jury, among other things, that ". . . until a reasonable doubt as to the sanity of a defendant appears, the law *presumes that all defendants are sane*. But whenever, from the evidence in the case, you have a reasonable doubt of the sanity of a defendant, that defendant should be found to be insane." (Emphasis supplied).

■ This is the type of instruction condemned in Doyle v. United States, 366 F.2d 394, 400 (CA9 1966), where we held, on a record similar to the one before us, that the court should determine, as a matter of law, that the presumption of sanity is not applicable. Although the *Doyle* precept has been sharply criticized, United States v. Harper, 450 F.2d 1032, 1039 (CA5 1971); Gordon v. United States, 438 F.2d 858 (CA5 1971), there is nothing in our later decisions to indicate a departure from the stated rule. See United States v. Ingman, 426 F.2d 973, 976 (CA 9 1970). Since appellant's mental competence was his only defense, we cannot treat the error as harmless. For that matter, *Doyle* prohibits such action.

■■ Appellant's other criticisms of the instruction are lacking in merit. Conceding, *arguendo,* that the challenged instruction is somewhat indefinite as to the burden of proof, we suggest that the court is not likely to employ the same language in a new trial. The use of the word "insane" in an instruction is not, in and of itself, improper. However, in defining what is meant by "insane", the court must, as it did here, employ the test prescribed by Wade v. United States, 426 F.2d 64, 71–72 [1] (CA9 1970). The court's reference to the appellant's alleged expert as a "layman" was no doubt inadvertent, and, on this record, was not prejudicial.

The judgment of the lower court is set aside and the cause remanded for further proceedings in conformity with the above.

LUMBARD, Circuit Judge (concurring):

Sitting as a judge of the Ninth Circuit, I am constrained by the precedents of the Ninth Circuit to concur in reversing the convictions.

In Doyle v. United States, 366 F.2d 394 (9th Cir. 1966), it was held that the trial judge should determine, as a matter of law, that the presumption of sanity is not applicable; therefore, it was held that the instruction given in that case was erroneous because it allowed the jury to determine whether the evidence was sufficient to inject the insanity issue into the case. The instruction in that case was phrased in a manner more likely to mislead the jury into thinking that it must find sufficient evidence to dissipate the presumption of sanity than is the instruction in this case. However, in *Doyle*, the court relied on and cited with approval the case of Otney v. United States, 340 F.2d 696 (10th Cir. 1965). With reference to *Otney,* the court said that there "the court had before it an instruction substantially the same as that given in the Doyle trial." (p. 400) Thus, the clear inference from *Doyle* is that the court should reach the same result in the case of an instruction like that disapproved in *Otney,* although, of course, that case would not otherwise control in this Circuit.

In *Otney,* the trial judge gave the following instruction on the insanity issue:

Under his plea of "not guilty" the defendant has raised the issue of his sanity at the time of the alleged offense. The law does not hold a person criminally accountable for his conduct while insane. Unless and until reasonable doubt of his sanity appears, the law presumes the defendant sane. But whenever, from all the evidence in the case, the jury has a reasonable

---

1.  See Devitt and Blackmar, Federal Jury Practice and Instructions, § 13.15, p. 294. *Wade* indicates a disapproval of that part of the instruction reading: "As used in these instructions, the terms, 'mental disease or defect' do not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct."

doubt of his sanity, the defendant should be found insane. (*Otney*, supra, p. 698)

The instruction disapproved in *Otney* is almost *verbatim* the instruction given by the trial judge in this case. Therefore, the instruction was erroneous under the authority of *Doyle*.

Moreover, it should be noted that in this case the defense specifically pointed out the error of this instruction to the trial judge, who refused to give any further instructions. In this respect, this case is a stronger one for reversal than was *Doyle*, for there the defense did not object to the disapproved instruction.

I must add that, were I sitting in the Second Circuit, I would vote to affirm the conviction. Taking the charge as a whole, I believe it was clear to the jury that, if they had a reasonable doubt about Arroyave's sanity, they must acquit him. This was tantamount to requiring the government to prove beyond a reasonable doubt that Arroyave was sane at the time of the offense with which he was charged.