Michael KNAUBERT,
Petitioner-Appellant,

v.

GOLDSMITH, Warden, et al.,
Respondents-Appellees.

No. 84–1938.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 10, 1986.

Decided June 9, 1986.

---

Atmore L. Baggot, Phoenix, Ariz., for petitioner-appellant.

Greg A. McCarthy, Asst. Atty. Gen., Dept. of Law, Phoenix, Ariz., for respondents-appellees.

Before BROWNING, Chief Judge, TANG and BEEZER, Circuit Judges.

PER CURIAM:

Michael Knaubert appeals the district court's dismissal of his petition for a writ of habeas corpus and denial of his motion for appointment of counsel. We affirm.

## I

### FACTS

In 1975, an Arizona jury found Michael Knaubert guilty of three counts of first-degree rape, two counts of assault with intent to commit murder, one count of armed robbery, and one count of lewd and lascivious acts. His primary defense at trial was insanity at the time of the crime.

On appeal, Knaubert, represented by new counsel, argued that his consent to a search of his bedroom and his confession were not given voluntarily, and that, therefore, evidence obtained from the search and his confession should not have been admitted at trial. Knaubert also contended that the trial court erred in instructing the jury that there was a presumption of sanity when Knaubert had presented evidence that he was not legally sane at the time the alleged crimes occurred. *State v. Knaubert*, 27 Ariz.App. 53, 550 P.2d 1095, 1098 (1976). The Arizona Court of Appeals rejected Knaubert's claims regarding the validity of the search and seizure and the propriety of the jury instruction, and re-

manded the case to the trial court for a determination of whether the confession was voluntary. 550 P.2d at 1100–01. The appeals court ordered that, should the trial court find the confession voluntary, the conviction would be affirmed if the defendant did not object within fifteen days from the trial court's ruling.

The trial court, after reviewing the record, found Knaubert's statements to be voluntary. No evidentiary hearing was held after the remand from the Court of Appeals. However, the record included a transcript of a pre-trial evidentiary hearing on the voluntariness of Knaubert's confession. Knaubert did not object to the trial court's finding. His conviction was affirmed.

In 1978, Knaubert petitioned for post-conviction relief on the grounds that he was insane at the time of the crime and that his sentence was excessive. Knaubert was represented by an attorney different from the one he had on direct appeal. The petition was denied.

In 1981, Knaubert filed a second petition for post-conviction relief, alleging that the trial court failed to conduct an evidentiary hearing after remand on the issue of voluntariness, and that Knaubert's attorney on direct appeal was incompetent for failure to object to the trial court's finding of voluntariness within fifteen days. The Arizona Court of Appeals held that the trial court was not required to conduct a full evidentiary hearing; rather, the remand was "for purposes of allowing the trial court to enter its findings on the record." *State v. Knaubert*, Nos. CR–82468 and CR–82470, slip op. at 5–6 (Ariz.App. April 5, 1983). The court also held that Knaubert was precluded from claiming that his counsel on direct appeal was ineffective because he failed to raise the issue in his first petition for post-conviction relief. *Id.* at 6–8.

Knaubert petitioned the United States district court for a writ of habeas corpus, alleging that his confession and consent to the search and seizure were not voluntary,

that his counsel was ineffective, and that the jury was improperly instructed on the insanity defense. Knaubert then moved to have counsel appointed to assist him in presenting his petition.

The district court found that Knaubert's claims were sufficiently clear that appointment of counsel was not necessary. The court later dismissed each of Knaubert's claims, holding that Knaubert was barred from challenging the legality of the search and seizure because the issue had been accorded a full and fair hearing in the state court; that the state factual determination that the police did not make promises in exchange for Knaubert's confession was to be accorded a presumption of correctness; that Knaubert had failed to show cause and prejudice from his procedural default in the state court on the issue of ineffective assistance of counsel; and that the jury instructions, taken as a whole, did not shift to Knaubert the burden of proving sanity. Knaubert timely appeals.

## II

## ANALYSIS

### A. *Search and Seizure*

Knaubert claims that he did not voluntarily consent to a search of his bedroom, and that evidence derived from the search should have been excluded from trial. The district court held that Knaubert was barred from presenting his Fourth Amendment claim under *Stone v. Powell*, 428 U.S. 465, 482, 96 S.Ct. 3037, 3046, 49 L.Ed.2d 1067 (1976).

■ Because we agree with the district court finding that Knaubert has had a full and fair hearing on the search and seizure issue in state court, he is barred from relitigating the issue in this federal habeas corpus action. *See Stone v. Powell*, 428 U.S. at 482, 96 S.Ct. at 3046; *Caldwell v. Cupp*, 781 F.2d 714, 715 (9th Cir.1986).

### B. *Jury Instructions*

Knaubert contends that the trial court violated Knaubert's right to due process by instructing the jury on the presumption of sanity. The jury was instructed as follows:

You are instructed that the presumption of law is that every person charged with a crime is sane and the presumption therefore is that the defendant was sane when he committed the act.

In considering the mental state of the accused, the jury must always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Under the defendant's plea of not guilty by reason of insanity, there is an issue as to his sanity at the time of the alleged offense.

The law does not hold a person criminally accountable for his conduct while insane, since an insane person is not capable of forming the intent essential to the commission of a crime.

You may determine from the evidence whether the defendant was sane at the time the crime was committed.

The State must prove beyond a reasonable doubt that the defendant was sane.

■ Knaubert argues that the trial court's jury instruction made the presumption of sanity appear irrebuttable and thus unconstitutionally shifted to Knaubert the burden of proof of his sanity. This contention is without merit.

■ We review allegedly erroneous jury instructions in the context of the whole charge and the whole trial. *See Bashor v. Risley*, 730 F.2d 1228, 1239 (9th Cir.), *cert. denied*, —— U.S. ——, 105 S.Ct. 137, 83 L.Ed.2d 77 (1984). Here, the state trial court initially instructed the jury on the presumption of sanity. Immediately following this instruction, however, the court carefully instructed the jury that the state had the ultimate burden of proving that Knaubert was sane beyond a reasonable doubt. A reasonable juror, hearing the instructions as a whole, would not have interpreted them as creating an irrebuttable rule of law requiring the jury to find Knaubert sane. *See Francis v. Franklin*,

—— U.S. ——, 105 S.Ct. 1965, 1971, 85 L.Ed.2d 344 (1985); *Sandstrom v. Montana,* 442 U.S. 510, 515, 99 S.Ct. 2450, 2454, 61 L.Ed.2d 39 (1979). Although the initial instruction may have had the potential to confuse the jury, the court's final instruction that the state has the burden of proving beyond a reasonable doubt Knaubert's sanity was sufficient to clear up any initial confusion.[1]

■ Moreover, the trial court did not unconstitutionally shift the burden of proof of sanity to Knaubert because the presumption of sanity placed on Knaubert only the burden of producing evidence raising a reasonable doubt as to sanity. *See State v. Knaubert,* 27 Ariz.App. at 60, 550 P.2d at 1102. Such a presumption does not undermine the fact-finder's responsibility at trial, based on the evidence, to find the ultimate facts beyond a reasonable doubt. *See County Court of Ulster County v. Allen,* 442 U.S. 140, 156, 99 S.Ct. 2213, 2224, 60 L.Ed.2d 777 (1979).[2]

Our decision in *United States v. Arroyave,* 465 F.2d 962 (9th Cir.1972) is not to the contrary. In *Arroyave,* the district court instructed the jury that "... until a reasonable doubt as to the sanity of a defendant appears, the law presumes that all defendants are sane. But whenever, from the evidence in the case, you have a reasonable doubt of the sanity of a defendant, that defendant should be found to be insane." *Id.* at 963. We reversed on the

basis that the presumption of sanity was inapplicable. Here, however, the trial court's instruction sufficiently establishes that the state bears the burden to prove beyond a reasonable doubt that the defendant was sane. Therefore, *Arroyave* does not control.

### C. *Voluntariness of Confession*

Knaubert argues that the district court erred in refusing to hold an evidentiary hearing regarding the voluntariness of his confession.

Knaubert's sole reason for complaining that his confession was involuntary is that the police allegedly promised him psychiatric help in exchange for the confession. The state trial court did not render an express factual finding as to whether the police offered Knaubert a quid pro quo for his confession. However, Knaubert presented this argument to the trial court. The state trial court held an evidentiary hearing and admitted the confession into evidence. On remand from the Arizona Court of Appeals, the trial court entered an express finding that the confession was voluntary.

In *Miller v. Fenton,* —— U.S. ——, 106 S.Ct. 445, 451, 88 L.Ed.2d 405 (1985), the Supreme Court indicated that a state court's conclusion that a confession was voluntary is a legal, not a factual, conclusion. As such, it is not entitled to a presumption of correctness under 28 U.S.C.

---

1. Indeed, the Arizona Court of Appeals stated that the trial court's instruction could have been more clearly stated. *See State v. Knaubert,* 27 Ariz.App. 53, 60, 550 P.2d 1095, 1102 (1976). The court suggested that a better instruction should "give the State the aid of the presumption of sanity while at the same time explaining the presumption's effect on the reasonable doubt standard." The court did not find, however, that the instruction rose to the level of reversible error.

The Arizona Supreme Court has since held that the presumption of sanity should no longer be the subject of a jury instruction. *See State v. Grilz,* 136 Ariz. 450, 456, 666 P.2d 1059, 1064 (1983). The *Grilz* court also stated, however, that its holding did not mean that the giving of an instruction mentioning the presumption is fundamental error. *Id.* The *Grilz* court stated that "[a]s long as the jury is clearly instructed

that the state has the burden of proving the accused sane beyond a reasonable doubt, mention of the presumption of sanity is not fundamental error." *Id.* (citations omitted). But even if the jury instruction violated Arizona law, federal habeas corpus relief would be unavailable unless the instruction also violated rights secured by the constitution, laws, or treaties of the United States. *See Engle v. Isaac,* 456 U.S. 107, 119, 102 S.Ct. 1558, 1567, 71 L.Ed.2d 783 (1982); *Gutierrez v. Griggs,* 695 F.2d 1195, 1197 (9th Cir.1983).

2. Because we decide that the instruction sufficiently, albeit imperfectly, placed the burden of proof of insanity on the state, we need not decide whether insanity is an affirmative defense or an element of the crime under Arizona law.

§ 2254(d). *Id.* We must, then, determine whether the state courts made any factual finding upon which the district court could rely in concluding that the confession was voluntary.

■ In *Townsend v. Sain,* 372 U.S. 293, 313–14, 83 S.Ct. 745, 757–58, 9 L.Ed.2d 770 (1963), the Supreme Court held, inter alia, that "[t]here cannot even be the semblence of a full and fair hearing unless the state court actually reached and decided the issues of fact tendered by the defendant." However, not every finding of fact need be stated on the record in infinite detail and clarity. In certain circumstances we will recognize that a factual determination is implicit in the actions taken by a state court. When a state trial court holds a hearing on a motion to suppress evidence and rules on the motion, a federal district court may assume that the state court found the facts necessary to support the state court's decision, unless there is some indication that the state court applied an incorrect legal standard. *Id.* at 314–15, 83 S.Ct. at 757–58; *see Marshall v. Lonberger,* 459 U.S. 422, 433–34, 103 S.Ct. 843, 850–51, 74 L.Ed.2d 646 (1983); *LaVallee v. Delle Rose,* 410 U.S. 690, 694, 93 S.Ct. 1203, 1205, 35 L.Ed.2d 637 (1973).

Our examination of the transcript of the suppression hearing satisfies us that the state court implicitly found that no promises were made in exchange for Knaubert's confession. The portion of the hearing dealing with the voluntariness issue focused solely on the question of whether promises had been made. The detective who interrogated Knaubert testified that no promises were made. A witness to the interrogation testified that the detective explained to Knaubert that no promises could be made. The record contains no indication that the trial court might have admitted the confession despite a finding that the police made promises. The factual finding that no promises were made, therefore, is implicit in the trial court's denial of Knaubert's motion to suppress the confession. Consequently, none of the six circumstances that require an evidentiary hearing existed. *See Townsend v. Sain,* 372 U.S. at 313, 83 S.Ct. at 757.

■ When none of the six mandatory circumstances exist, the decision to hold an evidentiary hearing is within the discretion of the district court. *Id.* at 318, 319, 83 S.Ct. at 759, 760.[3] Knaubert's claim of involuntariness relies solely on a disputed question of fact. We can think of no sort of factual finding that is more appropriate for deferential treatment than is a state court's credibility determination. "Title 28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." *Marshall v. Lonberger,* 459 U.S. at 434, 103 S.Ct. at 851; *see Miller v. Fenton,* 106 S.Ct. at 452. The district court, therefore, did not abuse its discretion by refusing to reconsider the credibility determinations implicitly rendered by the state trial court.[4]

#### D. *Effective Assistance of Counsel*

■ Knaubert complains that his counsel on appeal in October 1976 incompetently

---

3. The attachment of the presumption of correctness to a particular finding of fact does not deprive the federal district court of the *discretion* to hold an evidentiary hearing. As we explained in *Richmond v. Ricketts,* 774 F.2d 957, 961–62 (9th Cir.1985), the presumption of correctness at issue in *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981), does not determine whether the district court *may* hold an evidentiary hearing. *See also In Re Wainwright,* 678 F.2d 951, 952–53 (11th Cir. 1982). In *Townsend v. Sain,* 372 U.S. at 318, 319, 83 S.Ct. at 759, 760, the Supreme Court clearly explained that, absent one of the six specified circumstances, the decision to grant or deny an evidentiary hearing is within the discre-

tion of the district court. *See Richmond v. Ricketts,* 774 F.2d at 961.

4. We note in passing that a district court must examine fully the state court records when deciding whether an evidentiary hearing is needed. *Richmond v. Ricketts,* 774 F.2d at 961. The district court's opinion contains express citations to relevant portions of the state transcripts. Such references indicate that the district court fulfilled its obligation under *Richmond v. Ricketts.* Express citation to the state court record also facilitates our review. We commend the district court on its thoroughness.

failed to object to the trial court's determination that his confession was voluntary within the fifteen-day time period specified by the Arizona Court of Appeals. He contends that he is entitled to an evidentiary hearing in district court on his claim because no corrective process was available in the state courts. *See* 28 U.S.C. § 2254(b). However, Knaubert did not take advantage of the opportunity to raise the issue of ineffective assistance of counsel in his first petition for post-conviction relief. The Arizona Court of Appeals held that he was precluded from asserting the claim in his second petition for post-conviction relief because he did not raise it in his first petition. Because Knaubert's procedural default barred state litigation of his claim, he must show cause for and actual prejudice from the default before he may obtain federal habeas relief. *See Engle v. Isaac,* 456 U.S. 107, 129, 102 S.Ct. 1558, 1572, 71 L.Ed.2d 783 (1982).

Knaubert has not shown that he was prejudiced by the default. To the extent that Knaubert asserts that his counsel on appeal failed to object to the finding of the trial court that his confession was voluntary, he merely seeks to relitigate the voluntariness issue. We have already held that the trial court's findings are amply supported by the record. To the extent that Knaubert complains that his lawyer failed to object to the proceedings of the trial court, specifically that the trial court did not hold an evidentiary hearing on the issue after the remand by the Court of Appeals, he has not shown prejudice since the trial court was required by the Court of Appeals only to enter a finding, not to hold such a hearing. *State v. Knaubert,* Nos. CR–82468 and CR–82470, slip. op. at 5–6 (Ariz.App. April 5, 1983).

Therefore, because Knaubert has not shown prejudice from his procedural default in state court, he is barred from asserting his claim of ineffective assistance of counsel in this federal habeas proceeding. We need not consider whether Knaubert has shown cause for the procedural default.

### E. *Appointment of Counsel*

Knaubert contends that the district court erred in failing to appoint counsel to assist Knaubert in filing his petition for a writ of habeas corpus.

■ Title 18 U.S.C. § 3006A(g) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require ..." Unless an evidentiary hearing is required, the decision to appoint counsel is within the discretion of the district court. *Bashor v. Risley,* 730 F.2d 1228, 1234 (9th Cir.1984); Rule 8, 28 U.S.C. foll. § 2254.

We have noted that the purpose of § 3006A is to provide for appointed counsel whenever required by the constitution. *See Jett v. Castaneda,* 578 F.2d 842, 844–45 (9th Cir.1978). Therefore, we test the district court's exercise of discretion by determining whether denial of appointed counsel violated a constitutional right.

■ We note from the outset that the sixth amendment right to counsel does not apply in habeas corpus actions. *Dillon v. United States,* 307 F.2d 445, 446–47 & n. 3 (9th Cir.1962); *Anderson v. Heinze,* 258 F.2d 479, 481 (9th Cir.), *cert. denied,* 358 U.S. 889, 79 S.Ct. 131, 3 L.Ed.2d 116 (1958). Our inquiry, therefore, must focus on whether the denial of petitioner's motion for appointment of counsel amounted to a denial of due process.[5] *See Kreiling v. Field,* 431 F.2d 638, 640 (9th Cir.1970) (per curiam); *Eskridge v. Rhay,* 345 F.2d 778, 782 (9th Cir.1965), *cert. denied,* 382 U.S. 996, 86 S.Ct. 582, 15 L.Ed.2d 483 (1966).

The determination of the amount of process needed to protect a habeas petition-

---

5. Knaubert invites us to reassess this longstanding position in light of *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). *Bounds* does not create an absolute right of counsel for habeas petitioners. *Bounds* requires only that meaningful access to the courts be assured. For the reasons discussed below, we find that 18 U.S.C. § 3006A(g) and Rule 8, 28 U.S.C. foll. § 2254 guarantee meaningful access.

er's liberty interest will require the consideration of three distinct factors:

First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976).

A habeas petitioner's interest in release from illegal confinement undoubtedly is high. However, consideration of remaining factors leads to the conclusion that due process does not require appointment of counsel when an evidentiary hearing is not held.

The procedures employed by the federal courts are highly protective of a pro se petitioner's rights. The district court is required to construe a pro se petition more liberally than it would construe a petition drafted by counsel. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); *Bashor v. Risley,* 730 F.2d at 1234. The district court must scrutinize the state court record independently to determine whether the state court procedures and findings were sufficient. *Townsend v. Sain,* 372 U.S. at 319, 83 S.Ct. at 760; *Richmond v. Ricketts,* 774 F.2d 957, 961 (9th Cir.1985); *Rhinehart v. Gunn,* 598 F.2d 557, 558 (9th Cir.1979) (per curiam); *Turner v. Chavez,* 586 F.2d 111, 112 (9th Cir.1978) (per curiam). *But see Austad v. Risley,* 761 F.2d 1348, 1351–54 (9th Cir. 1985) (en banc) (petitioner must provide state court record). Even when the district court accepts a state court's factual find-

ings, it must render an independent legal conclusion regarding the legality of a petitioner's incarceration. *Miller v. Fenton,* 106 S.Ct. at 451. The district court's legal conclusion, moreover, will receive de novo appellate review. *Hayes v. Kincheloe,* 784 F.2d 1434, 1436 (9th Cir.1986).

We fully recognize that the assistance provided by counsel is quite valuable. An attorney may narrow the issues and elicit relevant information from his or her client. An attorney may highlight the record and present to the court a reasoned analysis of the controlling law. However, we also note that unless an evidentiary hearing is held, an attorney's skill in developing and presenting new evidence is largely superfluous; the district court is entitled to rely on the state court record alone. *See Sumner v. Mata,* 449 U.S. at 545–57, 101 S.Ct. at 768–69; 28 U.S.C. § 2254(d).[6] As discussed above, if the district court chooses to deny a motion for appointment of counsel, the court must review the record and render an independent legal conclusion. If the court declines to appoint counsel, it will have to inform itself of the relevant law. Therefore, the *additional* assistance provided by attorneys, while significant, is not compelling.

Finally, the government's interest in avoiding a drain on its fiscal resources is substantial. If due process required the appointment of counsel to represent every habeas petitioner, the cost would be enormous. Petitioners presenting frivolous complaints would be competing for funds with those whose claims show a relative promise for success.

▮ Therefore, we conclude that when a district court properly declines to hold an evidentiary hearing, the court's denial of a

---

**6.** Circumstances inevitably will arise in which additional evidence might lead to a rejection of a state court's factual finding even though the state court's finding is supported by the record. In such circumstances, an attorney's skill in gathering and presenting new evidence may prove dispositive as to the district court's decision to hold a discretionary evidentiary hearing. However, implicit in the presumption of cor-

rectness is the notion that such circumstances are the exception rather than the rule. When a pro se petitioner presents a palpable claim that state court factual findings are erroneous, we trust that the district court will properly exercise its discretion to hold an evidentiary hearing. In such circumstances, counsel will be appointed. *See* Rule 8, 28 U.S.C. foll. § 2254.

**730**

motion to appoint counsel at government expense does not amount to a denial of due process. Accordingly, the district court did not abuse its discretion.

### III
### CONCLUSION

For the reasons stated above, the decisions of the district court are AFFIRMED.