949 F.2d 399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald Boone NICHOLS, Petitioner-Appellant,
v.
Michael GREELEY, Attorney General of the State of Montana;
Henry Risley, Warden of the Montana State Prison;
Deer Lodge, Montana, Respondents-Appellees.
 No. 91-35365.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1991.*
Decided Dec. 10, 1991.
 
 Before EUGENE A. WRIGHT, DAVID R. THOMPSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Donald Boone Nichols, a Montana prisoner, petitioned for a writ of habeas corpus in federal district court pursuant to 28 U.S.C. § 2254. That court transferred the case to a magistrate and later affirmed his denial of the petition. Nichols appeals. We affirm.
 
 
 3
 * Nichols was convicted of aggravated assault, kidnapping and deliberate homicide (under Montana's felony-murder rule) following a jury trial. Nichols and his son kidnapped Kari Swenson in July 1984. Nichols shot and killed one of her two would-be rescuers. Nichols' son shot Kari, and both abandoned the wounded woman, who was rescued later that day.
 
 
 4
 On appeal, Nichols contends that: (1) undue pretrial publicity and a failure to hold a closed voir dire violated his right to a fair trial; (2) statements by the prosecutor denied him a fair trial; (3) instructions to the jury were unconstitutional; and (4) he is entitled to counsel for this appeal.
 
 II
 
 5
 We review de novo the denial of a petition for a writ of habeas corpus without an evidentiary hearing. Reiger v. Christensen, 789 F.2d 1425, 1427 (9th Cir.1986). A determination of a juror's partiality or bias and the extent to which pretrial publicity was prejudicial are factual determinations to which section 2254(d)'s presumption of correctness applies. Patton v. Yount, 467 U.S. 1025 (1984). It is the appellant's duty under section 2254(d) to establish by clear and convincing evidence that the challenged factual determinations were erroneous. Reiger, 789 F.2d at 1428. We find nothing in the record to indicate Nichols' rights were violated.
 
 
 6
 The newspaper and magazine reports of Swenson's kidnapping were factual, routine and unemotional. Most of the articles focus on Sheriff Johnny France's capture of Nichols, rather than on the issue of Nichols' innocence or guilt. By testifying at his son's trial, Nichols generated a significant amount of the publicity himself. He cannot now argue that reports of his own testimony generated contributed to a prejudicial amount of pretrial publicity.
 
 
 7
 The risk that each juror may be exposed to potentially prejudicial publicity does not trigger a constitutional right to a closed voir dire. Reiger, 789 F.2d at 1434. Only where the publicity creates a significant potential for prejudice is closed voir dire constitutionally required. Id. Nichols offered no evidence that a closed voir dire could have protected him from adverse pretrial publicity or that the publicity affected the trial's outcome. More important, given Nichols' testimony at his trial, even with a closed voir dire any juror would have been obligated to convict him. He made no motion for change of venue of the trial.
 
 
 8
 We find that the pretrial publicity surrounding Nichols' trial and failure to close voir dire to counter the publicity did not deny a fair trial.
 
 III
 
 9
 Nichols also contends that the prosecutor's comments concerning the murder victim's good character denied him a fair trial. Such statements constitute grounds for habeas relief only when it can be demonstrated that they are so egregious that they rendered the trial "fundamentally unfair." Campbell v. Kincheloe, 829 F.2d 1453, 1457 (9th Cir.1987), cert. denied, 408 U.S. 948 (1988). The prosecutor's remarks are considered in the context of the whole trial to determine if they were sufficiently prejudicial to violate the petitioner's rights. Donelly v. DeChristoforo, 416 U.S. 637 (1974). Here, a conviction followed from the evidence. The prosecutor's comments did not affect the outcome of the trial and were, at most, harmless error.
 
 IV
 
 10
 Nichols objects to numerous instructions to the jury. He argues that they were peremptory in nature because they instructed the jury as to what it "must" or "should" do. As the Montana Supreme Court pointed out in its review of the instructions, the words "must" and "should" are not intended to "direct particular findings of fact, which are the province of the jury." State v. Nichols, 734 P.2d 170, 177 (1987). Because the instructions were correct statements of the law and not peremptory, we reject Nichols' challenge.
 
 V
 
 11
 Nichols is not entitled to counsel for a habeas corpus appeal. Knaubert v. Goldsmith, 791 F.2d 722 (9th Cir.1986), cert. denied, 479 U.S. 867 (1986).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3