56 F.3d 72
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Ernest LIRA, Petitioner-Appellant,
v.
Ana M. OLIVAREZ, Respondent-Appellee.
 No. 94-55656.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 2, 1995.*
Decided May 5, 1995.
 
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ernest Lira, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 habeas petition. Following a jury trial, Lira was convicted of first degree burglary with an enhancement for a prior felony conviction and sentenced to a term of eleven years imprisonment. Lira contends that the trial court's jury instruction on consciousness of guilt violated due process and the trial court relied upon an unconstitutional prior felony conviction for enhancement purposes. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir. 1994), and affirm.
 
 
 3
 Lira contends that the trial court's misreading of the jury instruction on consciousness of guilt violated due process because it impermissibly shifted the burden of proof to Lira. This contention lacks merit.
 
 
 4
 Federal courts cannot grant habeas relief for mere state law errors. Estelle v. McGuire, 502 U.S. 62, 67 (1991); Suniga v. Bunnell, 998 F.2d 664, 666 (9th Cir. 1993). Federal habeas relief is required only if a faulty jury instruction by itself infects the entire trial to such an extent that the resulting conviction violates due process. McGuire, 502 U.S. at 72; Jeffries v. Blodgett, 5 F.3d 1180, 1195 (9th Cir. 1993), cert. denied, 114 S. Ct. 1294 (1994). The instruction may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record. McGuire, 502 U.S. at 72. We review an ambiguous instruction to determine whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way that violates the constitution. Id.; Carriger v. Lewis, 971 F.2d 329, 334 (9th Cir. 1992), cert. denied, 113 S. Ct. 1600 (1993).
 
 Here, the trial court instructed the jury:
 
 5
 If you find that before this trial the defendant made a willfully false or deliberately misleading statement concerning the crime for which he is now being tried, you must consider such statement as a circumstance tending to prove a consciousness of guilt. However, such conduct is not sufficient by itself to prove guilt. It's weight and significance, if any are matters for your determination [emphasis added].
 
 
 6
 There was no objection by Lira. The trial court also provided the jury with written instructions in which the word "may" was used rather than the word "must."
 
 
 7
 Viewing the alleged faulty jury instruction in the context of the instructions as a whole and the trial record, no due process violation occurred. See McGuire, 502 U.S. at 72; Suniga, 998 F.2d at 667. Although the trial court used mandatory language, the instruction did not create a mandatory presumption, which shifted from the prosecution the burden of proving beyond a reasonable doubt an essential element of the offense. See United States v. Warren, 25 F.3d 890, 897 (9th Cir. 1994) (explaining that mandatory presumption instruction violates due process only if it shifts burden on essential element of offense). Furthermore, the second sentence of the instruction clarifies that any conduct of the defendant's is not sufficient alone to prove guilt and that the jury is responsible for determining the ultimate significance of defendant's conduct. Finally, the trial court instructed the jury that the State had the burden of proving Lira's guilt beyond a reasonable doubt. See Knaubert v. Goldsmith, 791 F.2d 722, 726 (9th Cir.) (per curiam) (no unconstitutional burden shifting where immediately following alleged faulty instruction trial court instructed jury on State's burden of proof), cert. denied, 479 U.S. 867 (1986). Accordingly, Lira has failed to demonstrate that he is entitled to federal habeas relief because the alleged faulty jury instruction did not violate due process. See McGuire, 502 U.S. at 72.
 
 
 8
 Lira contends that the trial court relied on an unconstitutional prior conviction to enhance his sentence. The State contends that Lira has failed to exhaust his state remedies on this claim. We need not address these contentions, since Lira failed to raise this claim in the district court. See Morgan v. Bunnell, 24 F.3d 49, 52 (9th Cir. 1994) (per curiam).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3