60 F.3d 834
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Edward M. MOLSONE, Petitioner-Appellant,
v.
Robert G. BORG, Warden, Respondent-Appellee.
 No. 94-17157.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 26, 1995.*
Decided July 3, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward M. Molsone, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 petition for writ of habeas corpus challenging his first degree murder conviction. Molsone contends that his confession to the murder was involuntary. He asserts hat his confession was coerced by police threats that he would go to the gas chamber if he did not confess. This contention lacks merit. We have jurisdiction under 28 U.S.C. Sec. 2253, and we affirm.[1]
 
 
 3
 The decision whether to grant or deny a petition for habeas corpus is reviewed de novo. Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir. 1994). We review the voluntariness of a defendant's confession de novo. Miller v. Fenton, 474 U.S. 104, 112-14 (1985); Collazo v. Estelle, 940 F.2d 411, 415-16 (9th Cir. 1991) (en banc), cert denied, 502 U.S. 1031 (1992). A state court's factual conclusions, however, are entitled to a presumption of correctness under 28 U.S.C. Sec. 2254(d). See Collazo, 940 F.2d at 415.
 
 
 4
 Historical or subsidiary facts are entitled to the presumption of correctness even though they may be dispositive of a constitutional claim. See Collazo, 940 F.2d at 415. "'To be sure, subsidiary factual questions, such as ... whether in fact the police engaged in the intimidation tactics alleged by the defendant ... are entitled to the Sec. 2254(d) presumption [of correctness]."' Id. (quoting Miller, 474 U.S. at 112). Moreover, a state trial court's findings as to the credibility of witnesses are entitled to the Sec. 2254(d) presumption of correctness. See Miller, 474 U.S. at 114; see also Knaubert v. Goldsmith, 791 F.2d 722, 727 (9th Cir.) (per curiam), cert. denied, 479 U.S. 867 (1986).
 
 
 5
 Here, Molsone moved to suppress the confession and an evidentiary hearing was held to determine the admissibility of the confession. After hearing testimony from the police officers, Molsone, and the codefendants, the state trial court found that the validity of the confession was a question of credibility, and that all constitutional requirements had been satisfied. Molsone was afforded a full evidentiary hearing to determine the voluntariness of his confession. His testimony was directly contradictory to that of the police officers. The officers testified that they did not make any threats or promises, but only told Molsone, in response to his inquiry, the range of penalties available for first degree murder with special circumstances.
 
 
 6
 The state trial judge was required to evaluate the credibility of the witnesses, and the trial judge's credibility determination is entitled to a presumption of correctness. See Knaubert, 791 F.2d at 727. Because the trial court's determination is fairly supported by the record, see Miller, 474 U.S. at 117, the factual conclusions are entitled to a presumption of correctness under Sec. 2254(d), see Collazo, 940 F.2d at 415.
 
 
 7
 Accordingly, we find that Molsone's confession to first degree murder was not coerced or involuntary, and the district court properly denied Molsone's Sec. 2254 petition for habeas corpus relief. See Miller, 474 U.S. at 112-14; Sanders, 21 F.3d at 1451.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Molsone filed a timely request for a certificate of probable cause. Molsone's notice of appeal, however, was not filed in a timely manner. Because a timely request for a certificate of probable cause can serve double duty as a notice of appeal, Molsone's appeal is properly before this court. See Ortberg v. Moody, 961 F.2d 135, 137 (9th Cir.), cert. denied, 113 S. Ct. 225 (1992)