69 F.3d 543
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mario CATANIO, Petitioner-Appellant,
v.
Edward R. MYERS, Warden, Respondent-Appellee.
 No. 94-56286.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 24, 1995.*
Decided Nov. 1, 1995.
 
 Before: BEEZER, THOMPSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mario Catanio, a California state prisoner, appeals pro se the district court's denial of his petition for writ of habeas corpus. A jury convicted Catanio of first degree murder for his participation in burning down a restaurant. Fireman Thomas Taylor was killed fighting the blaze Catanio set after letting himself into the building with a key the restaurant owner had given him. Catanio contends that: (1) the indictment did not give him adequate notice under the Sixth Amendment that the State intended to show arson was the crime underlying the murder charge; (2) the trial court erred by refusing to instruct the jury on the lesser included offense of second-degree murder; (3) the trial court should have suppressed incriminating statements obtained in violation of his constitutional rights; and (4) he received ineffective assistance of counsel on appeal.[1] We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo the district court's denial of a petition for a writ of habeas corpus, Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir.1994), and we affirm.
 
 
 3
 * Adequate Notice
 
 
 4
 Catanio claims breach of his constitutional right to adequate notice of the charge against him because his indictment did not mention arson or felony-murder. This contention lacks merit.
 
 
 5
 "The Sixth Amendment guarantees a criminal defendant the fundamental right to be clearly informed of the nature and course of the charges in order to permit adequate preparation of a defense." Stephens v. Borg, 59 F.3d 932, 934 (9th Cir.1995). "[C]onstitutionally adequate notice of a felony-murder charge could be provided to a defendant by means other than the charging document." Morrison v. Estelle, 981 F.2d 425, 427 (9th Cir.1992, cert. denied, 113 S.Ct. 2367 (1993). Specifically, when a felony-murder theory is raised at pretrial proceedings, during trial, or at a jury instruction conference, a defendant may receive constitutionally adequate notice that he is being charged with felony-murder. See id. at 428.
 
 
 6
 Here, Catanio was charged with first degree murder, in violation of section 189 of the California Penal Code.[2] There is no dispute Catanio was aware that the murder charge stemmed from the death of a fireman who responded to the fire set by Catanio. In addition, at a pretrial hearing Catanio's counsel argued that (1) the indictment violated double jeopardy because Catanio had previously been charged with arson-murder in federal court, and (2) Catanio could not be charged with use of an explosive device because the prosecution only had evidence of simple arson. Finally, the prosecutor presented substantial evidence of arson at trial.
 
 
 7
 Given these circumstances, Catanio received adequate notice that he was going to be prosecuted for felony-murder. See id.
 
 II
 Jury Instructions
 
 8
 Catanio contends the trial court erred by refusing to instruct the jury on the lesser included offense of second-degree murder. This claim lacks merit.
 
 
 9
 "A trial court should give an instruction on a lesser included offense if the jury could rationally convict the defendant on the lesser included charge and acquit him of the greater." United States v. Espinosa, 827 F.2d 604, 615 (9th Cir.1987), cert. denied, 485 U.S. 968 (1988). Under California law, any murder that is committed in the perpetration of arson is murder in the first degree. Cal.Penal Code Sec. 189.
 
 
 10
 Here, Catanio was prosecuted for causing the death of a fireman summoned to fight the blaze Catanio ignited. His defense was that someone else set the fire. Because there was no rational theory under which Catanio could have been innocent of felony-murder, but guilty of a lesser degree of murder, the trial court properly declined to give the instruction Catanio urges. See Espinosa, 827 F.2d at 615.
 
 III
 Suppression of Statements
 
 11
 Catanio contends that statements he made to a government witness were recorded in violation of his constitutional rights. The essence of Catanio's claim is a violation of his Fourth Amendment rights. Catanio is barred from relitigating this claim because the state court held a full and fair hearing on this issue. See Stone v. Powell, 428 U.S. 465, 482 (1976); Knaubert v. Goldsmith, 791 F.2d 722, 725 (9th Cir.) (per curiam), cert. denied, 479 U.S. 867 (1986).
 
 IV
 
 12
 Ineffective Assistance of Appellate Counsel
 
 
 13
 Catanio claims that his appellate counsel rendered ineffective assistance by failing to raise the preceding arguments. This contention lacks merit.
 
 
 14
 To demonstrate ineffective assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness, and that the defendant was prejudiced as a result. Strickland v. Washington, 466 U.S. 668, 687-92 (1984); Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir.1989) (applying same standard to appellate representation). Appellate counsel has no constitutional obligation to raise every nonfrivolous issue requested by the defendant. Jones v. Barnes, 463 U.S. 745, 751-54 (1983). "[T]he weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy." Miller, 882 F.2d at 1434.
 
 
 15
 Here, Catanio's appellate counsel successfully argued that Catanio's burglary conviction could not stand. Furthermore, in light of our disposition of the arguments Catanio makes, we conclude that counsel was not ineffective for failing to raise them. See Strickland, 466 U.S. at 687-92.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We decline to review Catanio's other claims, raised for the first time on appeal. See Morgan v. Bunnell, 24 F.3d 49, 52 (9th Cir.1994) (per curiam)
 
 
 [2]
 Section 189 provides that "all murder ... which is committed in the perpetration of, or attempt to perpetrate, arson, rape, robbery, burglary, [or] mayhem ... is murder of the first degree." Cal.Penal Code Sec. 189