132 F.3d 41
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jimmy Lee WALTON, Petitioner-Appellant,
v.
Carl ZENON, Superintendent Oregon State Correctional
Institution, Respondent-Appellee.
 No. 97-35179.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Dec. 18, 1997.
 
 Appeal from the United States District Court for the District of Oregon Thomas M. Coffin, Magistrate Judge, Presiding
 Before SNEED, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jimmy Lee Walton, an Oregon state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition after his jury trial for murder. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989) and affirm.
 
 I. Insufficiency of the Evidence
 
 3
 Walton contends that the evidence was insufficient to support his conviction because he was too intoxicated to form the requisite intent to commit murder. We reject the claim for the reasons stated in the magistrate judge's July 22, 1996 report.
 
 II. Ineffective Assistance of Counsel
 
 4
 Walton contends that his counsel was ineffective because his counsel never informed Walton that the prosecutor had offered him a no contest plea to murder. After a hearing, the state postconviction court rejected Walton's two ineffective assistance of trial counsel claims, finding that Walton "presented no credible evidence to support his claims that his trial attorney's were inadequate, nor has he shown that his case was prejudiced by the actions taken by his trial attorneys." Although the state court did not expressly find that no plea offer was made, it is implicit in the court's final ruling. See Tinsley v. Borg, 895 F.2d 520, 525 (9th Cir.1990) (explaining that when a state trial court holds a post-trial hearing, every finding of fact does not have to be stated on the record in infinite detail and clarity); see also Knauber v. Goldsmith, 791 F.2d 722, 727 (9th Cir.1986) (stating that "in certain circumstances, we will recognize that a factual determination is implicit in the actions taken by the state court"). The implied finding that no plea offer was made is entitled to a presumption of correctness. See Marshall v. Lonberger, 459 U.S. 422, 432-33 (1983) (state court's implied finding on credibility is entitled to a presumption of correctness). Accordingly, Walton has failed to show his attorneys's performance was deficient because the prosecution never offered Walton a no contest plea. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 5
 Even if Walton could establish that his counsel's performance was deficient, he is unable to demonstrate that he was prejudiced by the failure of his attorney to convey a plea offer to him. Walton was offered a guilty plea to murder but he rejected the offer because he thought he would be convicted of manslaughter. Walton testified at his post-conviction hearing that he did not accept a plea to a lesser charge because he did not intentionally kill anyone. The record reveals that Walton preferred to go to trial with hopes that a jury would find him guilty of the lesser charge of manslaughter or acquit him. Walton has failed to establish prejudice. See id. (prejudice is established if "there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").
 
 III. Evidentiary Hearing
 
 6
 Walton contends he is entitled to an evidentiary hearing on the issue of whether the no contest plea offer. We disagree. Walton has failed to demonstrate that "the merits of this factual dispute were not resolved in the state court hearing." See 28 U.S.C. § 2254(d)(1). Accordingly, an evidentiary hearing was not required. See Jeffries v. Blodgett, 5 F.3d 1180, 1187 (9th Cir.1993).
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3