

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WAY QUOE LONG, a.k.a. Wayson Long, a.k.a. Joe Lee Young, a.k.a. Sean Young, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> UNKNOWN, 20 Employees of Federal Bureau of Prisons USP-Atwater, California; et al., <br><br> Defendants - Appellees. | No. 15-15272 <br><br> D.C. No. 1:12-cv-00357-AWI-DLB <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted April 26, 2016[**]

Before:     McKEOWN, WARDLAW and PAEZ, Circuit Judges.

Way Quoe Long, a federal prisoner, appeals pro se from the district court's

judgment dismissing his action, brought under *Bivens v. Six Unknown Named*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging constitutional claims related to the alleged destruction of his legal materials. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Zadrozny v. Bank of New York Mellon*, 720 F.3d 1163, 1167 (9th Cir. 2013). We affirm.

The district court properly dismissed Long's access-to-courts claim because Long failed to allege facts sufficient to show that he suffered an actual injury as a result of any defendant's conduct. *See Lewis v. Casey*, 518 U.S. 343, 349-53 (1996) (access-to-courts claim requires showing that the defendants' conduct caused actual injury to a non-frivolous legal claim). The district court did not err in denying Long's motion for summary judgment on this claim. *See* Fed. R. Civ. P. 56(a) (summary judgment is only proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law"); *Padfield v. AIG Life Ins. Co.*, 290 F.3d 1121 (9th Cir. 2002) (setting forth de novo standard of review for denial of summary judgment).

The district court properly dismissed Long's Sixth Amendment claim because the Sixth Amendment right to counsel is inapplicable in habeas proceedings. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986) ("We note . . . that the sixth amendment right to counsel does not apply in habeas corpus

2

actions."); *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (setting forth de novo standard of review for dismissal under 28 U.S.C. § 1915A).

The district court did not abuse its discretion by denying Long leave to file a fourth amended complaint because amendment would have been futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that a district court may deny leave to amend where amendment would be futile).

Long's motion to strike is denied.

**AFFIRMED.**