**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

SEP 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES LUEDTKE, | No. 21-15670 |
| Petitioner-Appellant, | D.C. No. 1:20-cv-01148-DAD-EPG |
| v. | |
| A. CIOLLI, Warden at USP Atwater, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted September 12, 2023**

Before:    CANBY, CALLAHAN, and OWENS, Circuit Judges.

The stay of this action, entered on March 7, 2023, is lifted.

Federal prisoner James Luedtke appeals pro se from the district court's

judgment dismissing his 28 U.S.C. § 2241 habeas petition seeking compassionate

release.  We have jurisdiction under 28 U.S.C. § 1291.  Reviewing de novo, *see*

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Pinson v. Carvajal*, 69 F.4th 1059, 1063 (9th Cir. 2023), we affirm.

Insofar as Luedtke relies on the conditions at USP – Atwater as a basis for habeas relief, his transfer to Oxford FCI moots his claim. *See id*. at 1064. As to Luedtke's more general allegations that his medical conditions require his immediate release from confinement, the district court correctly concluded that it lacked jurisdiction. Contrary to Luedtke's claim, the fact that he was seeking immediate release is insufficient to invoke habeas jurisdiction. *See id*. at 1072-73 ("[A] successful claim sounding in habeas necessarily results in release, but a claim seeking release does not necessarily sound in habeas."). Rather, Luedtke was required to show that his detention is without legal authorization. *See id*. at 1070. Because he did not do so, the district court properly dismissed his petition.

Moreover, the district court did not abuse its discretion in denying Luedtke's motion for appointment of counsel because he was able to articulate his claims and was unlikely to succeed on the merits. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986) (stating standard of review); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (stating criteria the court should consider when deciding whether to appoint counsel in a habeas proceeding).

Appellee's motion for judicial notice is granted.

**AFFIRMED.**

21-15670